Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50258 | **DATE** | DEC 0 6 2004 |
| **CASE TITLE** | | Ruffin vs. Rockford Memorial Hospital | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court grants Woloszyn's motion for leave to join Rockford Memorial Hospital's motion to dismiss, grants the motion to dismiss, denies Woloszyn's motion for summary judgment and all other pending motions as moot, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

*/s/ Philip G. Reinhard*

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | 12-8-04 date docketed | |
| | Notified counsel by telephone. | | | 48 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 12-7-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Johnny M. Ruffin, Jr., a state prisoner, filed a pro se complaint in the Circuit Court of Winnebago County, Illinois, alleging a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (ADA), based on a refusal by defendant, Rockford Memorial Hospital (Hospital) to provide him physical therapy care because he suffers from "incomplete quadriplegia." According to the complaint, plaintiff was in custody and recovering at another hospital from gunshot wounds inflicted by the police during his arrest. The staff at the Hospital refused to accept plaintiff as a patient even though his treating physicians referred him there. The Hospital removed the case to this court and filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), contending that the ADA does not apply to claims of discriminatory treatment of individuals with differing disabilities. Defendant, Daniel Woloszyn, filed a motion for summary judgment on the basis that he had no involvement in the decision to deny plaintiff physical therapy and also has filed a motion for leave to join the Hospital's motion to dismiss.

Initially, the court grants Woloszyn's motion to join the motion to dismiss filed by the Hospital. In addressing the motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of a plaintiff. Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F. 3d 971, 981 (7th Cir. 2004). Dismissal is only appropriate when there is no possible interpretation of the complaint under which it can state a claim. Treadway, 362 F. 3d at 981.

In this case, the court dismisses the complaint for the following reasons. First, plaintiff, who relies on Title II of the ADA, has not alleged that the Hospital is a public entity. Nor could he as a public entity is defined under the ADA as any state or local government, any department, agency, or other instrumentality of state or local government, or the National Railroad Passenger Corporation or any commuter authority. 42 U.S.C. § 12131. The Hospital in this case is not alleged to fall within this definition. Further, the court has found no case holding that a hospital such as the one here is a public entity for purposes of Title II.

Second, to the extent plaintiff's claim is based on differential treatment of individuals with differing disabilities under Title III, the law does not support such a claim. Numerous courts have concluded that the ADA does not require equal benefits for different disabilities. See, e.g., El-Hajj v. Fortis Benefits Insurance Co., 156 F. Supp. 2d 27, 30 (D. Maine 2001) (citing cases); Wilson v. Globe Specialty Products, Inc., 117 F. Supp. 2d 92, 95-96 (D. Mass. 2000) (citing cases). Plaintiff's reliance on footnote 10 in Olmstead v. Zimring, 527 U.S. 581 (1999), is misplaced as the language therein is dicta. See El-Hajj, 156 F. Supp. 2d at 31; Wilson, 117 F. Supp. 2d at 97. Further, the Olmstead case did not reach the issue of disparate treatment of different disabilities.

Third, this court has found no case holding a hospital or other healthcare provider liable under the ADA for refusing to provide a particular treatment for a particular disability for which it was not equipped to provide. While liability might arise for a categorical refusal to treat someone because of their disability where the healthcare provider is otherwise equipped to provide such treatment, there is no allegation that that is what occurred in this case. Additionally, such an allegation would be highly suspect in light of the allegations that the Hospital did in fact offer certain physical therapy services to the disabled.

Lastly, it would be far too broad an interpretation of the ADA to apply it on the basis of what types of services a healthcare facility opted to provide or not provide. It is easy to see how rapidly the courts would be inundated with such claims.

For the foregoing reasons, the court finds that plaintiff has not stated a claim under the ADA and dismisses the complaint as to all defendants. The court denies Woloszyn's motion for summary judgment and all other pending motions as moot.